IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAL SAIDON SCHWARTZ,

      Plaintiff,                          No. CIV. S-09-3575 GEB EFB

      vs.

STEVEN SHEA SCHWARTZ,          ORDER AND
                                             FINDINGS AND RECOMMENDATIONS
      Defendant.

_____/

      This matter is referred to the undersigned pursuant to Local Rule 302(21) and 28 U.S.C. § 636(b)(1). Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 2. Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

      However, the determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case at any time if it determines, *inter alia*, that the action is frivolous or malicious or fails to state a claim on which relief may be granted.

      A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th

1 Cir. 1984). Thus, the court may dismiss a claim as frivolous where it is based on an indisputably
2 meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at
3 327. The critical inquiry is whether a claim, however inartfully pleaded, has an arguable legal
4 and factual basis. *See Jackson v. Ariz.*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at
5 1227.

6       A complaint, or portion thereof, should be dismissed for failure to state a claim if it fails
7 to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*
8 *Twombly*, 550 U.S. 544, 554, 562-63 (2007) (Fed. R. Civ. P. 12(b)(6)). To avoid dismissal, the
9 complaint must set forth "more than labels and conclusions" or a "formulaic recitation of the
10 elements of a cause of action." *Id.* at 555. Rather, the "[f]actual allegations must be enough to
11 raise a right to relief above the speculative level . . . on the assumption that all the allegations in
12 the complaint are true (even if doubtful in fact)." *Id.* (emphasis deleted). Dismissal is
13 appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient
14 facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699
15 (9th Cir. 1990).

16       In reviewing a complaint under this standard, the court must accept as true the allegations
17 of the complaint in question, construe the pleading in the light most favorable to the plaintiff,
18 and resolve all doubts in the plaintiff's favor. *Hosp. Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738,
19 740 (1976); *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Additionally, although pro se
20 pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a pro se
21 plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil
22 Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim
23 showing that the pleader is entitled to relief," "in order to 'give the defendant fair notice of what
24 . . . the claim is and the grounds upon which it rests.'" *Bell Atl. Corp.*, 550 U.S. at 555 (quoting
25 *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).
26 ////

The court may disregard allegations contradicted by the complaint's attached exhibits. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir.1998). Furthermore, the court is not required to accept as true allegations contradicted by judicially noticed facts. *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987). The court may consider matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. S. Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (abrogated on other grounds by *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991)).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines*, 404 U.S. at 520-21. Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). Although the court has an obligation to construe the pleadings of a pro se litigant liberally, *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc), the court's liberal interpretation of a pro se complaint may not supply essential elements of a claim that are not plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

Plaintiff's complaint seeks court enforcement of an Affidavit of Support (Form I-864) signed by defendant, plaintiff's ex-husband, in January 2001 in support of his petition for plaintiff's permanent residence. Dckt. No. 1. According to plaintiff, by signing the Affidavit of Support, defendant agreed to support plaintiff and her then-dependent child until the occurrence of certain specified events, none of which has yet occurred. *Id.* at 2. Plaintiff alleges that

3

defendant filed for divorce from plaintiff in Oklahoma state court in January 2003. *Id.* On October 1, 2003, a decree of divorce was entered, which provided that defendant's obligations to support plaintiff would terminate on June 1, 2004. *Id.* at 3. Plaintiff alleges that the divorce decree did not make findings of facts or conclusions of law regarding the Affidavit of Support, and the Affidavit was never offered, admitted as evidence, or litigated during the divorce proceedings. *Id.*

On June 25, 2004, plaintiff sued defendant in the United States District Court for the Western District of Oklahoma in order to enforce the Affidavit of Support. *Id.* That court denied defendant's motion to dismiss and the case was proceeding until defendant filed a bankruptcy petition in the United States Bankruptcy Court for the District of Massachusetts in October 2006. *Id.* As a result of the bankruptcy filing, the district court case was administratively closed, with an instruction that the case could be reopened within thirty days after termination of the bankruptcy proceedings. *Id.* at 4.

In January 2007, plaintiff filed adversary proceedings in the bankruptcy court, again seeking enforcement of the Affidavit of Support. *Id.* In October 2007, the bankruptcy court dismissed plaintiff's adversary complaint, finding that it lacked subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine, which provides that "lower federal courts lack jurisdiction over 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Schwartz v. Schwartz*, 376 B.R. 364, 368, 370 (Bankr. D. Mass. 2007) (quoting *Davis v. United States*, 499 F.3d 590 (6th Cir. 2007)). The court noted that the divorce decree purported to terminate all of defendant's support obligations as of June 1, 2004, and that the parties did "not dispute that the Affidavit was filed in the state court proceedings." *Id.* at 368. Although the divorce decree did "not specify the reasoning behind its support order," the court found that under the *Rooker-Feldman* doctrine, it lacked jurisdiction to review the divorce decree. *Id.* at 369. The court also noted, in a footnote, that

4

"[b]y asserting her rights under the Affidavit as support for her property rights claim in the divorce action, which resulted in a final judgment making certain financial awards to her, Plaintiff brought her rights before that court and is bound by the final judgment therein.  As a result, she cannot retry her entitlement under the Affidavit in this proceeding because her rights have been fully adjudicated in another forum." *Id.* at 369, n.17.  In yet another footnote, the court noted that even if it "were to have subject matter jurisdiction, abstention appears appropriate as the issue of the Affidavit has now been raised in two prior courts, both which have concurrent jurisdiction over whether any obligation under the Affidavit is dischargeable." *Id.* at 370, n.18.

In August 2008, the Bankruptcy Appellate Panel for the First Circuit affirmed the bankruptcy court's decision.  *Schwartz v. Schwartz*, 409 B.R. 240 (B.A.P. 1st Cir. 2008).  Although the Panel acknowledged that it was "unclear whether the Affidavit was submitted in the divorce proceedings or whether Oklahoma State Court intended to encompass [plaintiff's] claims under the Affidavit of Support when it adjudicated the assets and liabilities of the parties in the Decree of Divorce," *id.* at 249, the Panel found that dismissal was appropriate either way.  The Panel held that "if, in fact, the Affidavit of Support was submitted in the divorce proceedings, the bankruptcy court lacked subject matter jurisdiction over [plaintiff's] claims under the *Rooker-Feldman* doctrine," and "even if [plaintiff] did not submit the Affidavit of Support in the divorce proceedings, the end result is the same because [plaintiff's] claims were still barred by the doctrine of res judicata." *Id.*  The Panel noted that all of the elements of res judicata were present:  the Decree of Divorce was "a final state court judgment in a proceeding between [plaintiff] and [defendant]," and there was "an identity of the cause of action in both proceedings" since "[t]he divorce proceedings clearly involved [plaintiff's] claims for support from [defendant]." *Id.*  Because res judicata bars the parties from not only relitigating the previously disputed matter but also from introducing any related matters that could have been offered in the original action, and because plaintiff "could have pursued her support claims under

the under the Affidavit of Support in the divorce proceedings," the Panel held that plaintiff was barred from pursuing those support claims in defendant's bankruptcy case under the doctrine of res judicata. *Id.*

Plaintiff now seeks to once again relitigate her claim for enforcement of the Affidavit of Support. However, for the reasons stated by the First Circuit Bankruptcy Appellate Panel, plaintiff's claims herein are barred by the doctrine of res judicata. The divorce decree from the state divorce proceedings was a final judgment, the proceedings were between the instant plaintiff and defendant, and both the divorce proceedings and the instant action involve plaintiff's claims for support from defendant. Even taking as true plaintiff's allegation herein that the Affidavit of Support was never offered, admitted as evidence, or litigated during the divorce proceedings, as the Panel noted, plaintiff *could have* submitted that Affidavit during those proceedings. *See Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) ("[T]he doctrine of res judicata (or claim preclusion) 'bar(s) all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties . . . on the same cause of action.'") (quoting *Ross v. IBEW*, 634 F.2d 453, 457 (9th Cir. 1980)). Because no amendment will cure the defects in plaintiff's complaint, the undersigned will recommend that plaintiff's complaint be dismissed without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's request to proceed in forma pauperis is granted. However, IT IS RECOMMENDED that plaintiff's complaint be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

1 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
2 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
3     SO ORDERED.
4 DATED: March 29, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE